IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| In Re: | ORDER |
|---|---|
| TOXIC EXPOSURE CASES (diesel fume exhaust and other alleged toxins) against UNION PACIFIC RAILROAD COMPANY, | 4:18-CV-03084<br>4:18-CV-03105<br>4:18-CV-03130<br>7:18-CV-05007<br>7:18-CV-05010<br>8:17-CV-00036<br>8:18-CV-00036<br>8:18-CV-00053<br>8:18-CV-00054<br>8:18-CV-00055<br>8:18-CV-00056<br>8:18-CV-00057<br>8:18-CV-00058<br>8:18-CV-00059<br>8:18-CV-00060<br>8:18-CV-00062<br>8:18-CV-00063<br>8:18-CV-00064<br>8:18-CV-00079<br>8:18-CV-00094<br>8:18-CV-00138<br>8:18-CV-00178<br>8:18-CV-00273<br>8:18-CV-00301<br>8:18-CV-00303<br>8:18-CV-00361<br>8:18-CV-00363<br>8:18-CV-00385<br>8:18-CV-00386<br>8:18-CV-00389<br>8:18-CV-00391<br>8:18-CV-00394<br>8:18-CV-00398<br>8:18-CV-00407<br>8:18-CV-00415<br>8:18-CV-00421<br>8:18-CV-00484<br>8:18-CV-00499<br>8:18-CV-00503<br>8:18-CV-00509<br>8:18-CV-00512<br>8:18-CV-00540<br>8:18-CV-00577<br>8:18-CV-00580<br>8:18-CV-00597<br>8:19-CV-00016<br>8:19-CV-00022<br>8:19-CV-00025 |
| Defendant. | |

| | 8:19-CV-00026 |
| --- | --- |
| | 8:19-CV-00034 |
| | 8:19-CV-00052 |
| | 8:19-CV-00056 |
| | 8:19-CV-00068 |
| | 8:19-CV-00069 |
| | 8:19-CV-00070 |
| | 8:19-CV-00071 |
| | 8:19-CV-00096 |
| | 8:19-CV-00098 |
| | 8:19-CV-00099 |
| | 8:19-CV-00100 |
| | 8:19-CV-00124 |
| | 8:19-CV-00132 |
| | 8:19-CV-00138 |
| | 8:19-CV-00139 |
| | 8:19-CV-00140 |
| | 8:19-CV-00141 |
| | 8:19-CV-00159 |
| | 8:19-CV-00166 |
| | 8:19-CV-00174 |

The parties agree to the following policies:

1) In a wrongful death case, the plaintiff will produce a copy of the death certificate with Plaintiff's Rule 26(a)(1) initial disclosures.

2) In all previously filed wrongful death cases, to the extent a Plaintiff has not already produced a copy of the death certificate, the plaintiff will produce these documents with that Plaintiff's Rule 26(a)(1) initial disclosures.

3) In conjunction with an Answer or an Entry of Appearance by the defendant, Defendant will submit a written request for Plaintiffs' and/or decedents' social security number and date of birth. Within seven (7) days of receiving the request, Plaintiffs will respond with appropriate information so that Defendant may prepare, in advance of any other discovery, the appropriate authorizations/release for Plaintiffs' execution.

4) Plaintiffs will produce signed authorizations for Medical, Insurance, Tax, RRB, UPREHS, Armed Services, IRS, VA, Medicare, and Medicaid with Plaintiffs' Rule 26(a)(1) initial disclosures.

5) At the time Plaintiffs serve Rule 26(a)(2) expert disclosures, Plaintiffs will provide Defendant with alternative dates for depositions of Plaintiffs' expert witnesses.

The parties disagree regarding the production of letters of personal representation. Defense counsel suggest that Plaintiff should attach a copy of the letters of personal representation to the complaint in all wrongful death cases. In addition, defense counsel assert that in all previously filed wrongful death cases, and to the extent not already produced, plaintiffs shall produce letters of personal representation with plaintiffs' Rule 26(a)(1) initial disclosures. Plaintiffs' counsel does not agree to append the letters as exhibits to the complaints, as there is no requirement in the Federal Rules of Civil Procedure requiring immediate disclosure. Rather, counsel suggests that Defendant "in the normal course of discovery include a request" for letters of personal representation, if applicable, in its Requests for Production of Documents, and that Plaintiff would then respond appropriately. (See attachment at page 3)

To summarize, the parties agree that a letter of personal representation should be produced in each wrongful death case, but they disagree as to the timing of production. Having reviewed each party's position, and in consideration of the sheer volume of individual toxic fume cases, letters of personal representation shall be produced at the outset of each case to avoid unnecessary delay in case progression.

IT IS ORDERED:

1) The Court adopts the parties' joint proposals, numbers 1 through 5 as set forth above.

2) As to any wrongful death case filed after this date, Plaintiff shall attach a copy of the letter of personal representation to the Complaint.

3) For all cases already filed, if letters of personal representation have not already been produced, the letters shall be produced to defendants by May 16, 2019.

Dated this 25th day of April, 2019.	BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge